UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF WASHINGTON
AT SEATTLE

| | |
|---|---|
| CONTINENTAL CASUALTY COMPANY,<br><br>                    Plaintiff,<br>    v.<br><br>TITAN WORLDWIDE, LLC et al,<br><br>                    Defendants. | CASE NO. 2:24-cv-01158-LK<br><br>ORDER GRANTING MOTIONS TO DISMISS |

This matter comes before the Court on Defendant Titan Worldwide, LLC's motions to dismiss the amended complaint, Dkt. No. 33, to dismiss Defendant American Logistics Services' crossclaim, Dkt. No. 34, and to dismiss Defendant RAF Trucking's crossclaim, Dkt. No. 35. For the reasons explained below, all three motions to dismiss are granted.

## I.   BACKGROUND

Plaintiff Continental Casualty Company commenced this action on July 31, 2024, and amended its complaint shortly thereafter, on August 5, 2024. Dkt. Nos. 1–2. Continental is a commercial insurer that insures Tigercat Industries, Inc., a Canadian forestry equipment

manufacturer. Dkt. No. 2 at 1; Dkt. No. 42 at 2. This lawsuit arises out of damage to a piece of Tigercat's equipment while it was en route to a customer in Rainier, Washington. Dkt. No. 2 at 3. As a subrogee of Tigercat, Continental is standing in Tigercat's shoes as the real party in interest to this lawsuit.

The facts alleged are as follows. In August 2023, Tigercat contracted with Defendant Titan to transport a large piece of forestry equipment, a Tigercat 1075C harvester, from Lucasville, Ohio to a customer in Rainier, Washington. *Id.*; Dkt. No. 38-1 (rate confirmation sheet).[1] Titan is a shipping broker whose job it was to arrange for the shipping of Tigercat's cargo by selecting and contracting with a carrier. Dkt. No. 2 at 3; Dkt. No. 38-1 at 1. Among other things, Titan warranted that it "has entered into or will enter into a bilateral written contract of carriage with each carrier it utilizes in the performance of this Agreement[.]" Dkt. No. 38-1 at 2; Dkt. No. 2 at 3. Continental alleges that this provision prohibited Titan from "double brokering," which is where a broker arranges shipment with a carrier who then does not carry the cargo itself but instead subcontracts the cargo out to another carrier, without notice to the broker's customer and without any direct contract between the original broker and the ultimate carrier of the goods. Dkt. No. 2 at 4.

Continental alleges that Titan breached the warranty against double brokering. *Id.* Specifically, Titan entered into a bilateral contract with American Logistics Services (doing business as KTB) and designated it as a carrier. *Id.*; *see* Dkt. No. 38-2. But instead of carrying the cargo itself, KTB brokered the shipment out to another carrier, RAF Trucking. Dkt. No. 2 at 4;

---

[1] Nearly five months after it filed its amended complaint, and three weeks after Titan filed its motions to dismiss, Continental filed a praecipe attaching the contracts at issue. Dkt. No. 38. The Court would normally refuse to consider such a belated attempt to correct an error. *See* LCR 7(m) ("Parties are expected to file accurate, complete documents, and the failure to do so may result in the court's refusal to consider later filed corrections or additions to the record. In the event that an error is discovered, a party should file, *as promptly as possible*, a praecipe requesting that the court consider a corrected document[.]") (emphasis added). However, as is discussed below, had Titan meaningfully met and conferred with Continental prior to filing its motions to dismiss, this problem could have been avoided. The Court therefore accepts Continental's praecipe.

ORDER GRANTING MOTIONS TO DISMISS - 2

Dkt. No. 38-3. Titan did not enter into a bilateral contract with RAF; Continental alleges that Titan's failure to do so breached the warranty provision on double brokering. Dkt. No. 2 at 4; Dkt. No. 38-1 at 2.

Continental further alleges that the piece of equipment shipped was severely damaged in transit. Dkt. No. 2 at 4. It reimbursed Tigercat under the applicable insurance policy for the damage, and now seeks to recover from Defendants. *Id.* Continental brings a breach of contract claim against all Defendants and a Carmack Amendment claim, 49 U.S.C. § 14706, against RAF and KTB. *Id.* at 4–5.

On August 5, 2024, Continental filed an amended complaint. Dkt. No. 2. RAF and KTB answered the complaint and asserted crossclaims against each other and Titan, Dkt. Nos. 30–31, and Titan moved to dismiss the amended complaint under Federal Rule of Civil Procedure 12(b)(6), Dkt. No. 17. The Court ordered Titan to show cause as to why its motion should not be stricken for failing to contain a certification that Titan met and conferred with Continental prior to filing its motion. Dkt. No. 25. Titan then withdrew its motion and filed three motions to dismiss (aimed at the amended complaint and the crossclaims against it) with certifications of conferral. Dkt. Nos. 27, 33. Each motion to dismiss states that Titan and the opposing party met and conferred on December 6, 2024—mere hours before the motion was filed. Dkt. No. 33 at 8; Dkt. No. 34 at 6; Dkt. No. 35 at 6. Continental and KTB dispute Titan's representation that they met and conferred within the spirit of the Court's Standing Order; they argue that the December 6 meeting was the Rule 26(f) conference and that the parties did not discuss Titan's forthcoming motion in a meaningful way. Dkt. No. 42 at 2; Dkt. No. 40 at 5–6.

Although Continental and KTB filed opposition briefs to Titan's motions to dismiss, Dkt. Nos. 40, 42, Titan did not file any reply briefs in support of its motions.

## II. DISCUSSION

### A. Jurisdiction

The Court has subject matter jurisdiction over this action pursuant to 28 U.S.C. § 1331 because Continental asserts claims under the Carmack Amendment to the Interstate Commerce Act, 49 U.S.C. § 14706. Dkt. No. 2 at 2. The Court has supplemental jurisdiction over Continental's state law breach of contract claim because it arises from the same underlying facts as its federal claim. *See* 28 U.S.C. § 1367(a); *Bahrampour v. Lampert*, 356 F.3d 969, 978 (9th Cir. 2004) ("A state law claim is part of the same case or controversy when it shares a common nucleus of operative fact with the federal claims and the state and federal claims would normally be tried together." (quotation marks omitted)).

Venue is proper in this Court because a substantial part of the events giving rise to the claim occurred in this judicial district. 28 U.S.C. § 1391(b)(2); Dkt. No. 2 at 3.

### B. The Court's Meet-and-Confer Requirement

As the parties are aware, the Court's Standing Order requires that counsel "make a meaningful effort to confer prior to filing a dispositive motion." Dkt. No. 4-1 at 4. Titan contends that it adequately met and conferred on December 6, 2024, prior to filing its dispositive motions later that same day. Dkt. No. 33 at 8; Dkt. No. 34 at 6.[2] Both Continental and KTB contend that the so-called meet and confer was in fact the parties' Rule 26(f) conference, during which "[n]o substantive discussion of the contents of the Titan motion occurred, either between Titan's counsel and Continental's counsel, or between the others on the call at any time[.]" Dkt. No. 43 at 2; *see also* Dkt. No. 41 at 2.

---

[2] In two declarations filed after Continental and KTB filed their opposition briefs, Titan's counsel revises the alleged dates of conferral. Dkt. Nos. 44–45. To the extent other conferrals took place, the time to raise this was in the certification of conferral filed with the motions to dismiss, not in declarations submitted after the fact that are improperly unaccompanied by argument. *Glow Indus., Inc. v. Lopez*, 252 F. Supp. 2d 962, 1004 n.150 (C.D. Cal. 2002) (submitting new evidence in reply "deprives the opposing party of a fair opportunity to respond").

ORDER GRANTING MOTIONS TO DISMISS - 4

The Court has no way of knowing what was discussed during the December 6 call. But the fact that two separately represented parties raise the same concerns about the meet-and-confer process suggests, at a minimum, that Titan's efforts fell short of complying with spirit of the Court's Order. Titan's assurances that "[d]uring the call, the parties were again made aware of the nature of the motion and were given an opportunity to discuss any concerns they had with the motion," Dkt. No. 44 at 3; Dkt. No. 45 at 3, also does not suggest that any meaningful pre-filing dialogue occurred on the motions.

The Court's meet-and-confer requirement "is not a meaningless formality, nor is it optional; instead, the purpose of a meet and confer requirement is for the parties to engage in a meaningful dialogue about their respective positions on disputed issues to see whether they can resolve (or at least refine) the disputes without court intervention, saving time and money for the litigants as well as the court system." *In re Glumetza Antitrust Litig.*, No. 19-CV-05822-WHA(RMI), 2020 WL 3498067, at *5 (N.D. Cal. June 29, 2020). It is the movant's (here, Titan's) responsibility to ensure that a fulsome discussion of the contested issues actually takes place. To be sure, a pre-filing meet-and-confer "may not avoid or even significantly narrow every motion," but counsel "are not excused from their obligation to meet and confer simply because they believe meeting and conferring would probably not moot an anticipated motion." *Mollica v. Cnty. of Sacramento*, No. 2:19-CV-02017-KJM-DB, 2022 WL 15053335, at *1 (E.D. Cal. Oct. 26, 2022).

Under these unique circumstances, the Court will still consider Titan's motions. However, because it appears that Titan did not comply with the Court's Standing Order (either by failing to adequately confer or failing to adequately describe its efforts to confer in its motions), the Court will resolve issues that could have been avoided through a meet and confer in favor of the non-moving party. *See supra* n.1. Going forward, the Court will summarily deny motions that are not preceded by a meaningful, substantive discussion about the motion's contested issues. This

ORDER GRANTING MOTIONS TO DISMISS - 5

includes dispositive motions, Dkt. No. 4-1 at 4, and any other motions for which a meet and confer is required under the Local Civil Rules, *see, e.g.*, LCR 37 (discovery motions). The Court also cautions counsel that it may impose sanctions for future violations of its Standing Order.

**C.  Titan's Motion to Dismiss the Amended Complaint's Breach of Contract Claim is Granted**

For the reasons explained below, the Court grants Titan's motion to dismiss under Rule 12(b)(6). Titan's in-the-alternative motions for a more definite statement under Rule 12(e) and to strike under Rule 12(f) are denied as moot.

1. Legal Standard

Dismissal under Rule 12(b)(6) may be based on either the lack of a cognizable legal theory or the absence of sufficient facts alleged under a cognizable legal theory. *Shroyer v. New Cingular Wireless Servs., Inc.*, 622 F.3d 1035, 1041 (9th Cir. 2010). At this stage, the Court accepts as true all well-pleaded factual allegations in the complaint and construes them in the light most favorable to the plaintiff. *United States v. Corinthian Colls.*, 655 F.3d 984, 991 (9th Cir. 2011). "To survive a motion to dismiss, a complaint must contain sufficient factual matter, accepted as true, to 'state a claim to relief that is plausible on its face.'" *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009) (quoting *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 570 (2007)); *see* Fed. R. Civ. P. 8(a)(2) (a plaintiff must make a "short and plain statement of the claim showing that the pleader is entitled to relief"). A claim is facially plausible "when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." *Iqbal*, 556 U.S. at 678.

2. Continental's Amended Complaint Fails to State a Breach of Contract Claim Against Titan

Titan is only subject to one of the amended complaint's two claims: the breach of contract claim. Titan moves to dismiss that claim because "[t]he terms of the contract between Plaintiff and

Titan are clear and there are no facts to support the allegation Titan breached any provisions of the contract," including the provision against so-called double brokering. Dkt. No. 33 at 5.

The contractual provision at issue is at paragraph 4.a. of Titan's terms and conditions and rate confirmation sheet, which states: "Broker warrants that it has entered or will enter into a bilateral written contract of carriage with each carrier it utilizes in the performance of this Agreement[.]" Dkt. No. 38-1 at 2. The parties disagree about what this language requires. According to Titan, this provision "only required Titan to enter into a contract with the carrier Titan utilized to carry the cargo (KTB), and did not require Titan to also enter into a contract with any subcontractor Titan's chosen carrier would possibly enter into agreement with (RAF)." Dkt. No. 33 at 4. Continental reads the provision as requiring Titan "to enter bilateral contracts with all carriers used," which would include both KTB and RAF. Dkt. No. 42 at 4. The Court finds that the contractual provision at issue is reasonably susceptible to the latter interpretation. Thus, dismissing the contract claim at the motion to dismiss stage is not appropriate. *See, e.g.*, *In re Facebook, Inc., Consumer Priv. User Profile Litig.*, 402 F. Supp. 3d 767, 789 (N.D. Cal. 2019).

Titan also argues that Continental does not adequately allege that Titan owed Tigercat a duty not to deliver the cargo in damaged condition. Dkt. No. 33 at 4–5. And it argues that the parties expressly contracted to limit Titan's liability with respect to the damaged cargo, *id.* at 4–5, which Titan appears to view as bolstering its no-duty-of-care argument. The Court agrees that Continental's breach of contract claim is deficient, but for slightly different reasons. As Titan correctly identifies, "as the broker, [it] had no duty related to the actual transportation of the cargo," *id.* at 4, but Continental alleges that Titan breached a different duty—the duty to "enter into a bilateral written contract of carriage with each carrier it utilizes in the performance of this Agreement," Dkt. No. 2 at 3–4.

Where Continental's claim falls short is on the last two elements of its breach of contract claim: causation and damages. Continental does not connect the dots between the duty breached and the injury asserted. In other words, the amended complaint does not explain how Titan's breach of the warranty provision against double-brokering proximately caused Continental's injury. Dkt. No. 2 at 3–4.

As a result, Continental has not stated a viable contract claim against Titan, and Titan's motion to dismiss that claim is therefore granted. The Court denies as moot Titan's requests for a more definite statement and to strike.

**D.     Titan's Motions to Dismiss the Crossclaims Are Granted**

Titan also moves to dismiss KTB's and RAF's crossclaims against it. Dkt. Nos. 34–35. For the reasons explained below, those motions are granted and the crossclaims against Titan are dismissed with leave to amend.

1. <u>KTB's Crossclaim</u>

KTB crossclaims against Titan as follows:

> If Plaintiff suffered any loss or damage, which is denied, and [is] awarded judgment against KTB, in whole or in part, and it is determined that the cargo loss or damage was a result of Titan's . . . acts, omissions, breach or negligence and/or others yet unnamed under its control, then KTB is entitled to full and complete indemnity and/or contribution as appropriate from Titan . . . for all such loss and damage, together with interest, costs and reasonable attorney fees.
>
> If the cargo was damaged in the manner alleged in the Complaint and Titan breached its contract with Plaintiff, Titan is in breach of the C-Brokerage Agreement between Titan and KTB dated February 6, 2023, and KTB is entitled to all damages, together with interest, costs and reasonable attorney fees incurred by KTB as a consequence of such breach.

Dkt. No. 30 at 6–7. Taken together, these allegations assert KTB's right, based on how the underlying litigation with Continental unfolds, to recover from Titan through a contract claim (i.e., indemnification or breach of contract). *See* Dkt. No. 40 at 4–5. KTB did not attach the contract to

its crossclaim, although it did later attach it to its response to Titan's motion to dismiss. Dkt. No. 41-1.

Titan argues that the crossclaim should be dismissed because "KTB failed to specifically identify how TITAN allegedly breached this contract." Dkt. No. 34 at 3. To the extent Titan takes issue with the contingent framing of the crossclaim, that argument fails. Fed. R. Civ. P. 13(g); *see also Glens Falls Indem. Co. v. U.S. ex rel. & to Use of Westinghouse Elec. Supply Co.*, 229 F.2d 370, 374 (9th Cir. 1955) ("Rules 13 and 14 [of the Federal Rules of Civil Procedure] authorize the assertion of cross-claims and third-party claims contingent upon ultimate adjudication of claimant's liability to plaintiff."). That is, KTB may assert a crossclaim that depends on the ultimate adjudication of Continental's underlying claims in this action.

But even contingent claims based on a contract must still identify the contract and one or more relevant duties stemming from that contract. Here, KTB does only the former. It does not allege which provisions of the contract create duties that are relevant to its claim. KTB attempts to fix that problem in its response brief, stating that "Titan is expressly obligated to indemnify KTB for its negligent performance" and that "Titan was then required to give KTB prompt notice of the alleged loss, failure constituting a violation of the Co-Brokerage Agreement" under paragraphs 7 and 8 of the contract. Dkt. No. 40 at 4–5. But KTB "may not amend [its] pleading via [its] response brief." *Riser v. Cent. Portfolio Control Inc.*, No. 3:21-CV-05238-LK, 2022 WL 2209648, at *4 n.1 (W.D. Wash. June 21, 2022).

The Court thus grants Titan's motion to dismiss KTB's crossclaim against it. The Court denies as moot Titan's requests for a more definite statement and to strike. Dkt. No. 34 at 3–6.

2. RAF's Crossclaim

RAF crossclaims against Titan as follows:

If Plaintiff suffered any loss or damage, which is denied, and is awarded judgment

ORDER GRANTING MOTIONS TO DISMISS - 9

against RAF, in whole or in part, and it is determined that the cargo loss or damage was a result of Titan's and/or KTB's acts, omissions, breach, or negligence and/or others yet unnamed under its control, then RAF is entitled to full and complete indemnity and/or contribution as appropriate from Titan and/or KTB for all such loss and damage, together with interest, costs, and attorney fees.

Dkt. No. 31 at 4. Titan moves to dismiss this crossclaim on the same basis as KTB's crossclaim, though most of its argument makes less sense as applied to RAF. For example, Titan argues that "RAF may allegedly be making [a] claim for breach of contract," but has "failed to specifically identify how TITAN allegedly breached this contract." Dkt. No. 35 at 3. As discussed above, no one is alleging that RAF and Titan contracted with each other; indeed, the lack of such a contract is the entire basis of Continental's claim against Titan. Still, the Court does agree with Titan that "[t]o the extent that RAF is alleging a . . . common law indemnity claim," (which appears to be what RAF is alleging) it has not adequately pleaded that claim. RAF does not allege what law applies, what the elements are for its common law indemnity claim, and does not put forth allegations suggesting that those elements will be satisfied here in the event the contingencies in its crossclaim come to fruition. Furthermore, RAF filed no opposition to Titan's motion, which the Court construes "as an admission that the motion has merit." LCR 7(b)(2).

The Court thus grants Titan's motion to dismiss RAF's crossclaim against it. The Court denies as moot Titan's requests for a more definite statement and to strike. Dkt. No. 35 at 3–6.

### III.  CONCLUSION

For the reasons stated above, the Court GRANTS Titan's motions to dismiss. Dkt. Nos. 33–35. Continental, KTB, and RAF may amend their respective pleadings within 21 days of this Order.

Dated this 12th day of March, 2025.

Lauren King
United States District Judge

ORDER GRANTING MOTIONS TO DISMISS - 10